

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    *(503) 727-1000*
*Portland, OR  97204-2902*    *Fax: (503) 727-1117*

November 15, 2012

Samuel C. Kauffman
Garvey Schubert Barer
121 SW Morrison
Eleventh Floor
Portland, Oregon 97204

        Re:    *United States v. Elyzabeth Morgan Leitner*, Case No. 11-CR-102-02-JO
               Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office
(USAO), the United States Attorney's Office for the District of Arizona, and defendant, and thus
does not bind any other federal, state, or local prosecuting, administrative, or regulatory
authority. This agreement does not apply to any charges other than those specifically mentioned
herein.

2.    **Charges**: Defendant agrees to plead guilty to Counts One, Three, Eight, and Nine of the
Indictment. Count One charges conspiracy to distribute and possess with intent to distribute
oxycodone, a Schedule II controlled substance in violation of Title 21, United States Code,
Sections 841(a)(1), 841(b)(1)(C), and 846. Count Three charges possession with intent to
distribute oxycodone in violation of Title 21, United States Code, Section 841(a)(1),
841(b)(1)(C). Counts Eight and Nine charge knowingly obtaining a controlled substance by
fraud in violation of Title 21, United States Code, Section 843(a)(3).

3.    **Penalties**: The maximum sentence for Counts One and Three is 20 years' imprisonment,
a fine of $1,000,000, and not more than three years of supervised release. The maximum
sentence for Counts Eight and Nine is 4 years' imprisonment, a fine of $250,000, and not more
than one year of supervised release. There is also a $100 fee assessment per count. Defendant
agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why
this cannot be done.

4.    **Dismissal/No Prosecution**: The USAO for the District of Oregon will move at the time
of sentencing to dismiss any remaining counts against defendant. The USAO for the District of
Oregon and the USAO for the District of Arizona agree not to bring additional charges against
defendant for activity known by the government to date regarding the defendant's involvement in
the drug trafficking organization that is the subject of the pending Indictment in this case.

Samuel C. Kauffman
Re: Elyzabeth Morgan Leitner Plea Letter
Page 2

5.    **Factual Basis**: Defendant agrees that the facts set forth below are not meant to be an exhaustive account of defendant's knowledge of, or involvement in, the conspiracy to which she is pleading guilty.

Beginning at a date unknown, but from at least March of 2010 to March 2011, in the Districts of Oregon, Arizona and elsewhere, defendant agreed and conspired with Roman Avezov ("Avezov"), Jared Daniel Riley ("Riley"), Austin Lorenzo Gaysue ("Gaysue"), Kristoffer Kjelby ("Kjelby"), Joselle Kate Bautista ("Bautista"), and others to distribute and possess with intent to distribute oxycodone. Defendant entered into the conspiracy knowing that its object was to distribute and possess with intent to distribute oxycodone and she intended to help accomplish that objective.

Avezov financed and led this Arizona-based conspiracy that involved creating forged prescriptions for oxycodone and filling them at various pharmacies throughout the United States using false identities. The object of the conspiracy was to obtain large quantities of oxycodone that would later be sold for profit.

In furtherance of the conspiracy, Avezov sent his coconspirators to various locations throughout the country in groups consisting of "driver"/"filler" teams and a trip leader (usually Riley). Each filler was given a number of forged prescriptions (usually for 180 30mg oxycodone pills) and corresponding forged driver's licenses. The drivers took the fillers from one pharmacy to another while the fillers went into the pharmacies to fill the prescriptions. The trip leader monitored police radios on the Internet and performed other tasks. Avezov paid the participants once they returned to Arizona, typically based on the number of pills obtained. Defendant started out as a driver for the group, but later became a filler.

In May 2010 defendant traveled with other coconspirators from Phoenix, Arizona to Portland, Oregon to obtain oxycodone from various pharmacies in the District of Oregon by knowingly and intentionally using fraudulent and fake prescriptions. Several people went on this trip including Bautista (filler), Gaysue (driver), Kjelby (driver), Riley (trip leader), and defendant (filler). Specifically, while in the District of Oregon, defendant's group obtained at least the following amounts of oxycodone using fraudulent prescriptions:

a. 180 30-milligram tablets from the Safeway Pharmacy in Portland, Oregon on or about May 22, 2010;

b. 180 30-milligram tablets from the Rite Aid in Salem, Oregon on or about May 23, 2010;

c. 180 30-milligram tablets from the Fred Meyer Pharmacy in Salem, Oregon on or about May 23, 2010;

d. 180 30-milligram tablets from the Rite Aid Pharmacy in Gresham, Oregon on or about May 23, 2010;

Samuel C. Kauffman
Re: Elyzabeth Morgan Leitner Plea Letter
Page 3

e. 180 30-milligram tablets from a different Rite Aid Pharmacy in Gresham, Oregon on or about May 23, 2010;

f. 180 30-milligram tablets from the Rite Aid Pharmacy in Beaverton, Oregon on or about May 24, 2010; and

g. 180 30-milligram tablets from the Safeway Pharmacy in Beaverton, Oregon on May 24, 2010.

In addition, between on or about May 22 and on or about May 24, 2010, while in the District of Oregon, defendant and her group used fraudulent prescriptions to attempt to obtain 180 30-milligram oxycodone tablets from at least the following pharmacies: Paulson's Pharmacy in Portland, Oregon, Safeway Pharmacy in Portland, Oregon, and Safeway Pharmacy in Salem, Oregon.

In addition to filling/attempting to fill prescriptions in the District of Oregon, defendant also helped the group fill/attempt to fill prescriptions in Tucson, Arizona and Las Vegas, Nevada.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Relevant Conduct**: The parties agree that based on the conversion of oxycodone to marijuana, the defendant's relevant conduct is approximately between 700 and 1000 kilograms of marijuana pursuant to USSG § 2D1.1 for a Base Offense Level of 30, prior to adjustments.

8. **Low End Range**: The USAOs will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

9. **Additional Departures, Adjustments, or Variances**:

A. Defendant reserves the right to seek a downward departure, adjustment or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request.

B. Defendant agrees that, should she seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, she will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if she fails to comply with this notice requirement, she will not oppose a government motion for a postponement of the sentencing hearing.

Samuel C. Kauffman
Re: Elyzabeth Morgan Leitner Plea Letter
Page 4

10.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under USSG § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

11.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12.     **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13.     **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14.     **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.     **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

**Revised 02/03/10**

Samuel C. Kauffman
Re: Elyzabeth Morgan Leitner Plea Letter
Page 5

16.    **Deadline**: This plea offer expires if not accepted by November 20, 2012 at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

PAMALA R. HOLSINGER
Assistant United States Attorney

lm
cc: AUSA Jennifer Levinson

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

11/20/12
Date

ELYZABETH MORGAN LEITNER
Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/20/12
Date

SAMUEL C. KAUFFMAN
Attorney for Defendant